UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| ANDREA CRADDOCK <br> 12900 Centre Park Circle <br> Herndon, VA 20171 <br><br> Plaintiff, <br><br> v. <br><br> ANTHONY BLINKEN, in his official <br> capacity as Secretary of State of <br> the U.S. State Department <br> <u>Serve</u>: 2201 C St., NW <br>     Washington, DC 20520 <br><br> <u>Serve</u>: Office of the Attorney General <br>     of the Department of Justice <br>     950 Pennsylvania Ave., NW <br>     Washington, DC 20530 <br><br> <u>Serve</u>: Office of the United States Attorney <br>     for the Eastern District of Virginia. <br>     2100 Jamieson Ave <br>     Alexandria, VA 22314 <br><br>    Defendant. | Civil Action No.: <br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br> **JURY TRIAL** <br> **DEMANDED** |

## COMPLAINT

**COME NOW** the Plaintiff Andrea Craddock ("Andrea"), by Counsel, and moves this Court for judgment against Defendant Anthony Blinken, in his official capacity as the Secretary of State of the United States State Department ("Agency" or "Defendant"), for violations of the Family and Medical Leave Act, at 29 U.S.C. § 2601, *et seq*. ("FMLA"), stating as follows:

## PARTIES

1.      Andrea is and has been at all times during the actions raised in this Complaint a resident of Virginia and is over the age of eighteen (18). Andrea was at all relevant times under the exclusive direction and control of the Defendant as a joint employer.

2.      Defendant Anthony Blinken is currently serving as the Secretary of State of the U.S. State Department. Defendant is an executive agency of the United States government that has its primary office in Washington D.C. For the reasons set forth below and under the common law doctrine of *respondeat superior*, the Agency is liable for the actions taken by its employees against Andrea.

## STATEMENT OF JURISDICTIONAL GROUNDS

3.      The Court has jurisdiction over Plaintiff's lawsuit pursuant to 28 U.S.C. §§ 1331, as this action raises federal questions under 29 U.S.C. § 2617(a)(2).

## VENUE

4.      Venue is proper in the United States District Court for the Eastern District of Virginia, Alexandria Division, pursuant to 28 U.S.C. § 1391(b) because Defendants primary office is located in and the events giving rise to the claims herein occurred in Arlington, Virginia, which is within the Alexandria Division for the United States District Court for the Eastern District of Virginia.

## STATEMENT OF FACTS

5.      Andrea was hired by CTR Management Group, LLC (CTR) as an Education Technology Advisor in April 2017. CTR operates as a staffing agency for the State Department.

6.      In her capacity as an Education Technology Advisor, Andrea worked exclusively for the U.S. State Department's Foreign Service Institute (FSI) and was supervised and managed directly by State Department personnel.

7. Andrea's direct supervisor was an FSI employee, all of her performance reviews were conducted by FSI employees, and her day-to-day activities were entirely under the control of FSI management.

8. During her five-year tenure with FSI, Andrea received excellent performance reviews. In fact, Andrea had never received any negative feedback on her job performance and was considered a valuable team member by her co-workers and supervisors.

9. In early 2022, Andrea became pregnant. On March 16, 2022, during a video call, Andrea informed her FSI supervisor that she was 10 weeks pregnant.

10. During the video call, Andrea stated that she would be specifically requesting 12 weeks maternity leave for the coming fall.

11. On April 1, 2022, Andrea was told the surprising and disturbing news that "she was no longer qualified for the Education Technology Advisor position" that she had successfully worked for the past almost five years.

12. Even more surprisingly, the job qualifications for Andrea's coworkers, who were performing similar positions, remained entirely the same. Meaning, the only change for stated the qualifications *was for Andrea's position*.

13. Based on this pretext, the Defendant seemingly directed the staffing agency, CTR, to terminate Andrea because of her pregnancy.

14. Weeks after announcing her pregnancy and her need for leave (obviously FMLA qualified), Andrea was terminated on April 28, 2022.

15. In the wake of the Defendant's actions, Andrea was left facing unemployment as a single mother, and the obvious prospect that any new employer would not owe her FMLA leave for the birth of the child, as she would not have been employed for 12 months. The termination

caused Andrea substantial emotional and mental anguish that continues to this day. ("Emotional Damages").

16. After being terminated, it took Andrea one month to find new employment, during which she was left without any income.

17. While working under the direction and control of the Defendants, Andrea's previous annual salary was $113,671.92 with benefits estimated at $37,890.64. Andrea's new employer offers her a salary of $85,000 in compensation and estimated $24,000 in benefits. This lost wage differential will continue throughout Andrea's working career. (Paragraphs 16-17 collectively, "Lost Income Damages").

COUNT I
(29 U.S.C. § 2601 – FMLA Interference)

18. Count I hereby incorporates the preceding and forthcoming paragraphs by reference.

19. The FMLA provides an employee, like Andrea, with twelve weeks of leave during any twelve-month period if needed for a qualifying medical reason. 29 U.S.C. § 2612(a).

20. Andrea made FSI, through her supervisors, aware on March 16, 2022, of her need to take time off for her pregnancy in the fall of 2022.

21. Andrea was eligible for FMLA, having worked full-time under the direction and control of the Defendant for more than the previous 12 months.

22. FSI is a qualified employer under the FMLA. *See*, 29 USC § 2611(4).

23. Further, FSI is a joint employer of Andrea for purposes of coverage under the FMLA. *See*, 29 USC § 825.106.

24. Andrea was entitled to leave under the FMLA for her pregnancy as explicitly allowed in the statute. *See*, 29 USC § 2612(a).

25. Because of Andrea's pregnancy, the Defendant swiftly instructed its staffing agency, CTR, to terminate Andrea directly interfering with her FMLA rights.

26. As a direct and proximate result of Defendants' unlawful actions in this regard, Plaintiff was deprived of her right to FMLA leave; was denied employment; and has sustained and will continue to sustain lost wages and/or diminished earnings capacity; among other things.

**WHEREFORE**, Plaintiff Andrea Craddock, by Counsel, respectfully requests that this Honorable Court enter judgment in her favor on Count I, and against Defendant as follows:

a) Compensatory damages to include the Lost Income Damages;

b) Pursuant to 29 USC § 2617, liquidated damages in an amount equal to subsection (a) in an amount to be determined at trial;

c) Plaintiff's attorney's fees, expert fees and costs incurred during and in connection with this matter pursuant to 29 USC § 2617 and/or all other applicable federal laws;

d) Pre- and post-judgment interest on the foregoing amounts; and

e) Any and all other relief that this Court deems just and proper.

<u>COUNT II</u>

(29 U.S.C. § 2601 – FMLA Retaliation)

27. Count II hereby incorporates the preceding and forthcoming paragraphs by reference.

28. FSI was aware that Andrea was attempting to exercise her rights under the FMLA when she requested time off for her pregnancy during the March 16, 2022, video call with her FSI supervisor.

29. By instructing CTR to terminate Andrea's employment because of her request to take leave, Defendant acted with intentional and discriminatory retaliation against Andrea for exercising her FMLA rights.

30. As a direct and proximate result of Defendants' unlawful actions in this regard, Plaintiff was deprived of her right to FMLA leave; was denied employment; suffered Emotional Damages detailed above; and has sustained and will continue to sustain lost wages and/or diminished earnings capacity; among other things.

**WHEREFORE**, Plaintiff Andrea Craddock, by Counsel, respectfully requests that this Honorable Court enter judgment in her favor on Count II, and against Defendant as follows:

a) Compensatory damages to include the Emotional and Lost Income Damages ;

b) Pursuant to 29 USC § 2617, for the lack of good faith shown by Defendants liquidated damages in an amount equal to subsection (a) in an amount to be determined at trial;

c) Plaintiff's attorney's fees, expert fees and costs incurred during and in connection with this matter pursuant to 29 USC § 2617 and/or all other applicable state or federal laws;

d) Pre- and post-judgment interest on the foregoing amounts; and

e) Any and all other relief that this Court deems just and proper.

## JURY DEMAND

Plaintiff requests a trial by jury on all claims made herein.

Respectfully submitted,

ANDREA CRADDOCK

By Counsel:   /s/  Tim Bosson
Timothy P. Bosson, Esq. (VSB: 72746)
Robert G. Rose, Esq. (VSB: 81240)

Isaiah R. Kalinowski, Esq. (VSB: 71125)
Bosson Legal Group, PC
8300 Arlington Blvd., Suite B2
Fairfax, VA 22031
tbosson@bossonlaw.com
rrose@bossonlaw.com
ikalinowski@bossonlaw.com
Ph: (571) 775-2529
Counsel for Plaintiffs